UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

KRISTY SCHWARM, on behalf of
herself and others similarly
situated,

        Plaintiff,

   v.

HENRY CRAIGEAD, et al.,

        Defendants.

NO. CIV. S-05-1304 WBS GGH

ORDER RE: MOTION TO AMEND THE
CLASS CERTIFICATION ORDER

----oo0oo----

        Plaintiff, on behalf of herself and others similarly situated, moves to amend the class certification order to formally add two plaintiffs, Josann Ancelet and Patricia Foronda, as class representatives.

I.   Factual and Procedural Background

        Defendant District Attorney Technical Support, Ltd. ("DATS"), d/b/a Computer Support Services, is a Nevada corporation doing business in California.  Defendant Henry Craighead is the founder and chief executive officer of DATS.

1

Defendants were engaged in the business of collecting debts from individuals who had previously proffered dishonored checks. Beginning in July 2004, plaintiff Kristy Schwarm began receiving demand letters from a "check restitution/prosecution program" managed by DATS, regarding two dishonored checks written by plaintiff. The letters apparently sought to collect the amount of the dishonored check, a bank charge, an administrative fee, and a diversion fee, and threatened potential criminal prosecution if the amounts were not paid. (Compl. ¶¶ 14-15.)

On June 29, 2005, Schwarm filed a complaint against defendants, on behalf of herself and others similarly situated, alleging violations of due process under the California and United States Constitutions, violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., fraudulent misrepresentation, and negligent misrepresentation. (Compl.) Plaintiff contends that defendants, in conjunction with the district attorneys of more than two dozen California counties and under the color of state law, sought to collect on checks and inappropriate collection fees from thousands of individuals such as plaintiff, under the false threat of arrest and prosecution. (Compl. ¶ 1.)

On March 4, 2006, this court certified this as a class action, for "[a]ll persons who wrote checks in California to whom DATS mailed collection demands concerning dishonored checks, June 29, 2003," and up until the date of that order. (March 4, 2006 Order.) The court named Kristy Schwarm as the representative of the class. (Id.) Subsequently, on October 26, 2006, this court granted plaintiff's motion for leave to amend the complaint, to

2

add class members Josann Ancelet and Patricia Foronda as plaintiffs.[1]  (October 26, 2006 Order 4.)  Schwarm now seeks to add plaintiffs Ancelet and Foronda as class representatives. Defendants do not oppose this motion

II.  Discussion

An order certifying a class "may be altered or amended before final judgment."  Fed. R. Civ. P. 23(c)(1)(C).  Thus, "before entry of a final judgment on the merits, a district court's order respecting class status is not final or irrevocable, but rather, it is inherently tentative."  Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 633 (9th Cir. 1982).

In addition to the requirement of numerosity and typicality, Fed. R. Civ. P. 23(a) permits a class action to be maintained only if "the representative parties will fairly and adequately protect the interests of the class."  Hanlon, 150 F.3d at 1020; Fed. R. Civ. P. 23(a)(4).  Adequate representation requires the court to inquire into whether the named plaintiffs and their counsel (1) have any conflicts of interest with other class members and (2) will prosecute the action vigorously on behalf of the class.  Id. (citing Lerwill v. Inflight Motion Pictures, Inc., 582 F.2d 507, 512 (9th Cir. 1978)).

Here, Ancelet and Foronda have interests similar to

---

[1] Schwarm sought to add Ancelet and Foronda as plaintiffs because, unlike Schwarm, they both paid fees demanded by defendants and thus had objectively verifiable damages.  (Mot. for Leave to Amend 5.)

3

those of the other class members.[2]  Their claims arise out of the same conduct as other class members, and they seek all available relief on behalf of the class.  <u>See</u> <u>id.</u> (noting that heightened scrutiny may be necessary in "cases in which class members may have claims of different strength").  Further, there is no evidence of any potential conflict of interest, either with other class members or their counsel.  (Ancelet Decl. ¶ 9; Foronda Decl. ¶ 9.)  In addition, both Ancelet and Foronda demonstrate an understanding of the nature of this action as well as their rights and obligations as class representatives.  (Ancelet Decl. ¶¶ 3-8; Foronda Decl. ¶¶ 3-8.)  Finally, there is every indication that Ancelet and Foronda, as well as their counsel, will litigate this matter vigorously.[3]  Accordingly, class members Ancelet and Foronda will adequately represent the class.

---

[2]  On July 9, 2004, plaintiff Ancelet wrote a personal check which was subsequently dishonored.  (Ancelet Decl. ¶ 2.)  In October, 2004, she began receiving letters from defendants accusing her of a crime and demanding various fees.  (<u>Id.</u>)  Upon contacting defendants, Ancelet was told that if she did not pay the check amount plus the fees in fifteen days, she would be required to attend a financial management class.  (<u>Id.</u>)  After several communications with defendants, Ancelet eventually paid to defendants the check amount plus all fees demanded, including a class fee.  (<u>Id.</u>)

On August 2, 2003, plaintiff Foronda wrote a personal check which was subsequently dishonored.  (Foronda Decl. ¶ 1.)  In December, 2003, she received a letter accusing her of a crime and demanding various fees, and stating that if she did not pay the check amount plus the fees in fifteen days, she would be required to attend a financial management class.  (<u>Id.</u>)  After communications with defendants, in which she was threatened with arrest if the fees were not paid, she paid the full check amount plus all fees demanded.  (<u>Id.</u> ¶ 2.)

[3]  Ancelet and Foronda have secured as counsel the same attorneys representing Schwarm, who were noted approvingly by this court to be competent counsel in its original order granting class certification.  (March 4, 2006 Order 14.)

1          This court has previously found the remaining
2   requirements of Rule 23(a) and (b) to have been satisfied.
3   Accordingly, because the requirements for class certification are
4   met by Ancelet and Foronda as class representatives the court
5   will amend its prior order.
6          IT IS THEREFORE ORDERED that plaintiff Kristy Schwarm's
7   motion to amend this court's March 4, 2006, class certification
8   order be, and the same hereby is, GRANTED.  Named plaintiffs
9   Josann Ancelet and Patricia Foronda, along with previous class
10  representative Kristy Schwarm, shall represent the umbrella class
11  and all subclasses, with Paul Arons, O. Randolph Bragg, Scott
12  Shoblom, and Ronald Wilcox as class counsel.
13  DATED:  May 25, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE