UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KRISTY SCHWARM, PATRICIA FORONDA, and JOSANN ANCELET, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HENRY CRAIGHEAD, an individual, DISTRICT ATTORNEY TECHNICAL SERVICES, LTD., a Nevada Corporation, dba COMPUTER SUPPORT SERVICES, aka CHECK RESTITUTION/PROSECUTION PROGRAM, JOHN Q. LAWSON, an individual, MARY A. CHASE, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants.<br>_____/ | NO. CIV. 05-01304 WBS GGH<br><br>ORDER RE: MOTION FOR APPROVAL OF CLASS NOTICE |

----oo0oo----

Based on defendants Henry Craighead's and District Attorney Technical Services, Ltd.'s ("DATS") collection efforts for checks returned due to insufficient funds, plaintiff Kristy Schwarm initiated this class action on June 29, 2005, alleging claims for 1) violations of the Fair Debt Collection Practices

1

Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; 2) violations of the Civil Rights Act, 42 U.S.C. § 1983, based on alleged procedural due process violations; 3) state constitutional procedural due process violations; 4) fraudulent misrepresentation; and 5) negligent misrepresentation.

On March 4, 2006, this court certified the case as a class action for "[a]ll persons who wrote checks in California to whom DATS mailed collection demands concerning dishonored checks, since June 29, 2003," and up until the date of the court's Class Certification Order.[1] (Docket No. 42.) The court named Schwarm as the class representative and subsequently granted plaintiffs' motion to add plaintiffs Patricia Foronda and Josann Ancelet as class representatives. (Docket No. 134.) There are approximately 36,000 class members in this action.

After DATS filed Chapter 7 bankruptcy, this action was automatically stayed on August 18, 2006, pursuant to 11 U.S.C. § 362(a). On September 20, 2006, this court lifted the automatic stay as to Craighead only and, on May 5, 2008, granted plaintiffs' motion for summary judgment with respect to Craighead's violations of subsections 1692e(2)-(5), (9)-(11), (14), 1692f(1), and 1692g(a) of the FDCPA. Schwarm v. Craighead, 552 F. Supp. 2d 1056, 1069-82 (E.D. Cal. 2008). In the same Order, the court denied plaintiffs' motion for summary judgment

---

[1] The court also certified the following subclasses: "(1) all members of the umbrella class, from whom DATS attempted to collect, or collected money for checks written for personal, family, or household purposes, since June 29, 2004; and (2) all members of the umbrella class from whom [defendants] attempted to collect, or collected money, since June 29, 2003." (Mar. 4, 2006 Order 20 (Docket No. 42).)

2

on their claims based on alleged violations of their federal and state procedural due process rights. <u>Id.</u> at 1082-87.  Three months later, plaintiffs sought summary judgment on the issue of damages, and the court awarded plaintiffs actual damages against Craighead in the amount of $741,387.05.  <u>Schwarm v. Craighead</u>, No. 2:05-1304, 2008 WL 3286797, at *2-3 (E.D. Cal. Aug. 6, 2008).

In DATS' bankruptcy, plaintiffs filed claims in excess of four million dollars and ultimately received $160,242.43 from the bankruptcy estate.  After the bankruptcy court issued a Final Decree indicating that the administration of the estate was complete, the automatic stay as to DATS was lifted.  (Docket No. 213.)  The court then granted plaintiffs' motion for summary judgment with respect to DATS' violations of subsections 1692e(2)-(5), (9)-(11), (14), 1692f(1), and 1692g(a) of the FDCPA and entered final judgment in favor of plaintiffs against Craighead and DATS, holding them jointly and severally liable to plaintiffs in the amount of $741,387.05.  <u>Schwarm v. Craighead</u>, No. 2:05-1304, 2011 WL 1232837 (E.D. Cal. Mar. 31, 2011).  In that same Order, the court approved plaintiffs' decision to abandon their remaining claims.  <u>See</u> <u>id.</u> at *4.

Plaintiffs have now filed a motion for attorney's fees, costs, and incentive payments for the class representatives and a motion for approval of the disbursement of the $160,286.78 plaintiffs received from DATS' bankruptcy estate.  (Docket Nos. 233, 246.)  Because the requested fees, costs, and incentive payments significantly exceed the $160,286.78 plaintiffs have recovered and plaintiffs do not believe they will be able to collect additional funds from DATS or Craighead, the court's

3

granting of the aforementioned motions would prevent the class members from receiving any recovery in this action. To protect the class members' rights, plaintiffs seek approval of the notice and opportunity to be heard that the class members will receive about the pending motion for attorney's fees, costs, and incentive payments and motion for disbursement of funds.

For attorney's fees and nontaxable costs in certified class actions, Federal Rule of Civil Procedure 23(h) requires that a "claim for an award must be made by motion under Rule 54(d)(2) . . . [and] [n]otice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Rule 23(d) also provides that "the court may issue orders that: . . . (B) require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of: (i) any step in the action; [or] (ii) the proposed extent of the judgment . . . ."

The court finds the language of the notice proposed by plaintiffs to be insufficient in that it does not adequately inform the class members that the court's ruling on plaintiffs' pending motions could result in an award to the class members. Without understanding that their objections to the motions could prevent all of the available funds from being depleted by attorney's fees and costs, the class members may not believe it is worth their time to file an objection, even if they do not agree with the result. The language suggested by plaintiffs is also insufficient because it does not inform the class members about the proposed incentive payments to the class representatives.

1         With these insufficiencies in mind, the court has
2 drafted the following notice for the class members:

3    In 2006, plaintiffs mailed you a notice advising you that
     a class action lawsuit had been brought on your behalf
4    against District Attorney Technical Services, Ltd.
     (DATS), and its founder, Henry Craighead. The defendants
5    operated check collection operations throughout
     California. While this action has been pending, DATS
6    went bankrupt and is out of business, and Craighead
     claims he is insolvent. Although the Court awarded
7    plaintiffs a judgment against defendants in the total
     amount of $741,387.05, to date plaintiffs have been able
8    to collect only $160,286.78.

9    Plaintiffs have moved for costs in the amount of
     approximately $76,498.14, an award of attorney's fees in
10   the amount of $251,368.00, and an incentive payment of
     $750.00 for each of the three class representatives.
11   Plaintiffs are not proposing that any money be disbursed
     to the class members.
12
     The Court has discretion to decide how the $160,286.78
13   will be disbursed, including whether all or some of the
     funds should be disbursed to the class members before
14   the attorneys receive any costs or fees. On **September
     26, 2011, at 2:00 p.m.**, in the United States District
15   Court, Courtroom 5, located at 501 "I" Street,
     Sacramento, CA, Judge William Shubb will hold a hearing
16   to determine how the $160,286.78 will be disbursed. If
     you want to be heard at this hearing, you must file an
17   objection to plaintiffs' motions.

18   The Court has set **August 25, 2011**, as the deadline for
     you to file and serve any objection to the award of
19   attorney's fees, costs, and incentive payments plaintiffs
     seek and the disbursement plan they propose. Plaintiffs'
20   motions, the Court's prior Orders in this case, and
     instructions on how to file and serve objections may be
21   viewed online at **www.datsclassaction.com**.

22 The court finds that a postcard with this notice to the
23 class members complies with Rule 23(h) and is sufficient to
24 protect the class members' potential inability to recover that
25 could result if the court grants the pending motions.

26         IT IS THEREFORE ORDERED that plaintiffs' motion for
27 approval of class notice be, and the same hereby is, GRANTED.
28 Plaintiffs shall send the aforementioned notice to each class

5

1  member at their last known address by July 26, 2011, and maintain
2  the website that includes all documents relevant to the pending
3  motions and the following prior orders from this court: Schwarm,
4  552 F. Supp. 2d 1056; Schwarm, 2008 WL 3286797; and Schwarm, 2011
5  WL 1232837.
6          The class members shall be given until August 25, 2011,
7  to file and serve objections to the pending motions and the
8  hearing on the motions (Docket Nos. 233, 246) will be RESET for
9  September 26, 2011, at 2:00 p.m.  The website shall inform the
10 class members about how to file and serve objections and attend
11 the hearing.
12 DATED: July 7, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE